UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Keith Schnake, derivatively on behalf of Trincan Oil Limited, | § § § § § | |
| Plaintiff, | | |
| versus | § § | Civil Action H-09-758 |
| Coast to Coast Energy, Inc., **et al.**, | § § § § | |
| Defendants. | | |

## Opinion on Dismissal

1. **Introduction.**

    In a Trinidadian court, a shareholder sued for his company's misuse of its mineral interests. The court found in his favor, and it ordered the company to pay him the value of his shares, adjusted to compensate for the oppression. He is now suing again as a shareholder for the benefit of the company, this time in this court, on the same facts against the same defendants. He will lose.

2. **Background.**

    Keith Schnake bought 12.5 percent of the equity of Trincan Oil Limited – a Trinidadian company that has been exploring for oil since 1995. In May of 2006, Schnake sued the company as a shareholder, complaining to the High Court of Justice in the Republic of Trinidad and Tobago that Trincan's directors – Walter Cukavac, John Wampler, and Mark Gasarch – had oppressed him when they sold Trincan's mineral interests – without reasonable compensation – to several companies. They were Coast to Coast Energy, Inc.; four of its subsidiaries; Petro-Suisse Ltd.; and Drilling International Service and Supply Ltd.

3. **Trinidadian Judgment.**

    On July 30, 2008, the Trinidadian court found in favor of Schnake, and it ordered the

defendants to buy his shares at a price adjusted to compensate for the oppression. The directors of Trincan directors have appealed only the court-ordered process for valuing Schnake's shares. Trincan and Schnake did not appeal the merits of the judgment.

While the appeal is pending, Schnake has sued here as a shareholder for the sake of Trincan itself for the benefit of all shareholders. He seeks compensation from the directors for their sale of Trincan's mineral interests to the Coast-to-Coast companies.

The defendants have moved to dismiss Schnake's suit, saying that this suit re-litigates of the Trinidadian action. The defendants also say that, because the Trinidadian court compelled Trincan to buy his shares as full compensation, Schanke has no standing to sue as a shareholder for the benefit of company.

3.   **Standing.**

To sue for the company as a shareholder, Schnake must own stock in Trincan. Fed. R. Civ. Proc. 23.1. In its judgment, the High Court of Justice in Trinidad severed Schnake's relationship with Trincan and compensated him for his interest in the company. Judgment, 30 July 2008, para 69-70, pp. 40-41.

Because Schnake does not own the shares, he has no standing to sue as one of its holders. **See Schilling v. Belcher**, 582 F.2d 995, 999 (5th Cir. 1978)(Florida law: no standing for shares sold during appeal); Smith v. Croft (No. 2), [1988] 1 Ch.114 (English law requiring standing for minority shareholder to sue).

Under the judgment, Schnake was to hold legal title to the stock for ninety days – the time allowed for the valuation. Although the valuation has been delayed by the pendency of the appeal, Schnake is a bare legal holder. Because he has no equity in Trincan, he cannot represent the equitable interests of the shareholders in court. **Anderson v. Waco State Bank**, 49 S.W. 1030, 1031 (Tex. 1899)(a bona fide holder of stock requires equitable and legal title); Nanney v. Morgan, [1887] 37 Ch. D 346 (English law: equitable ownership alone is inadequate to transfer stock).

4.   **Already Done.**

Schnake's claim in Trinidad and his suit in this court arose from the same transaction – the directors' approval of the sale of Trincan's assets to the Coast-to-Coast companies. When both claims are "derived from a common nucleus of operative facts," they are the same cause

of action. A cause of action is not a legal theory; it is a cluster of facts. **United Mine Workers v. Gibbs**, 383 U.S. 715, 725 (1966); Barrow v. Bankside Members' Agency, [1996] 1. All ER 981 at 983 (English law: "defendant should not be oppressed by successive suits when one would do").

Because Schnake is seeking compensation for the same equity holdings from the same sale of assets, the factual predicate of Schnake's claim is identical to his suit in Trinidad. He may not re-litigate what has already been adjudicated by the High Court of Justice in Trinidad.

5.  **Election.**

Schnake had elected his remedy when he chose not to appeal the Trinidadian judgment. Schnake may not seek to redress for a loss through redress for the company when he has already used the judicial process. He chose not to sue for the other shareholders and himself – just himself. The other shareholders require a representation who has not sued for himself instead of their collective equities. Island Records Ltd. v. Tring Int'l Plc., [1995] 3 All ER 444 (English law: "once a judgment has been entered for damages or account for profits, any right of election is lost").

6.  **Conclusion.**

Because Keith Schnake has no standing to sue for Trincan Oil Limited and has already litigated the same facts where he elected a remedy through it, this action will be dismissed with prejudice.

Signed on August 23, 2009, at Houston, Texas.

_____
Lynn N. Hughes   USDJ
United States District Judge